```
Judson H. Henry, Esq. (SBN 226743)
LAW OFFICE OF JUDSON H. HENRY
6041 Brookside Circle
Rocklin, CA  95677
Phone:  (916) 899-6224
E-mail:  jhhenry2000@yahoo.com
```

**Attorney for Debtor-in-possession Richard Lyman**

## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>　　　RICHARD LYMAN,<br><br>　　　　　Debtors in Possession | Case No.:　2012-41214<br>DC No.:　　JHH-3<br><br>Date:　　　June 4, 2013<br>Time:　　　9:32 a.m.<br>Courtroom No.: 32<br>Judge:　　　Hon. Thomas Holman<br><br>United States Courthouse<br>501 I Street, 6th Floor<br>Sacramento, CA  95814 |

**MOTION TO VALUE COLLATERAL  [5961 Becky Way Loomis, CA 95650]**

　　　1.　　Debtor-in-possession RICHARD LYMAN (the "Debtor") moves the Court to value the collateral securing Debtor's indebtedness to Green Tree Servicing, LLC, namely the real property commonly described as 5961 Becky Way Loomis, CA 95650 (the "Property").

　　　2.　　Debtor filed his bankruptcy case under Chapter 11 on December 10, 2012. Debtor does not reside at the Property.  The principal residence of the Debtor is at another real property, with address 5415 South Grove Street #42, Rocklin, CA 95677.

　　　3.　　Debtor currently owns the real property commonly described as 5961 Becky Way Loomis, CA 95650, the Property.  The Property is not the Debtors' principal residence.

　　　4.　　The Property is encumbered by a first deed of trust allegedly in favor of Green Tree Servicing, LLC, allegedly securing repayment of a claim amount of $387,488.50 (see Proof of Claim No. 3).

5. Pursuant to Fed. R. Bankr. P. 3012 and 11 U.S.C. § 506(a)(1), Debtor herein seeks an Order that the claim of Green Tree Servicing, LLC be bifurcated into a secured claim and an unsecured claims, into a secured claim of the value of $196,000.00 (the extent of the value of such creditor's interest in the estate's interest in such property), and holds an unsecured claim in an amount equal to the full allowed amount of its claim less $196,000.00. 11 U.S.C. § 506(a)(1) provides "an allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 1123(b)(5) provides that a Chapter 11 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." This real property is not Debtor's principal residence, and so pursuant to 11 U.S.C. § 506(a), it is necessary for the Court to determine the value of the real property and thus amount secured thereby. *United States v. Taffi (In re Taffi)* 96 F.3d 1190, 1191-1193 (9th Cir. 1996).

6. According to the professional opinion of California licensed real estate appraiser BARTH BOSS, the fair market value of the Property, the real property commonly described as 5961 Becky Way Loomis, CA 95650 is $215,000.00. Declaration of BARTH BOSS, ¶ 4.

7. Based on the Debtor's familiarity with the condition of the Property, including property repairs and title defects, Debtor values the Property at $196,000.00. Based on the appraisal of Barth Boss, which did not include the specific and detailed required property repairs known to Debtor, the fair market value of the Property is $215,000.00. Debtor accounts for defects and necessary repairs by subtracting $19,000.00 from $215,000.00 to arrive at a

2

**Motion to Value Collateral – JHH-3**
**In re Richard Lyman; Case No. 2012-41214**

1  valuation of $196,000.00. The required repairs, which Debtor estimates at $19,000.00, include:
2  (a) all carpets and linoleum must be replaced at an estimated cost of $3,000.00, (b) the master
3  bathroom tub has a serious leak that has ruined the downstairs ceiling, wall and window frame,
4  with estimated cost to repair at $2,000.00, (c) the AC unit is severely undersized and needs to be
5  replaced at a cost estimate of $ 4,000.00, (d) the fence along the back and front are rotted and
6  need to be replaced, with estimated cost of $2,000.00, (e) the 2nd bathroom upstairs has water
7  and dry rot damage from pipe leaks with estimated cost of repair at $1,200.00, (f) the back patio
8  concrete slab has numerous cracks that will soon require break out and replacement at a cost of
9  $2,000.00 to $4,000.00, (g) the patio cover is illegal and must be removed and disposed of at a
10  cost of $1,500.00, (h) the doorbell does not work needs replaced and the garage door opener does
11  not work, with replacement estimate total of $300.00, and (i) the outside walls have severe
12  stucco cracks, and remediation, including painting the outside of the house, is estimated at
13  $3,000.00. Further, title defects on the Property include clouded title/existing record chain of
14  title, including various assignments of deed, Notices and substitutions that were and are highly
15  improper, unlawful and void, and so subject to the California Gov't Code §27201.

16        8.      Debtor does not seek an Order on the validity, priority, or extent of a lien, as these
17  terms are defined in determining the applicability of Fed. R. Bankr. P. 7001. Rather, Debtor
18  brings this motion to value collateral pursuant to Fed. R. Bankr. P. 3012 and 11 U.S.C. § 506(a)
19  and seeks bifurcated valuations for adequate protection determination, as well as budget,
20  projections, and plan preparation. See *In re Pereira* 394 B.R. 501 (Bankr. S.D. Cal. 2008); *In re*
21  *Dendy* 396 B.R. 171 (Bankr. D. S.C. 2008); *In re Scott* 376 B.R. 285 (Bankr. D. Idaho 2007).

22        9.      Therefore, pursuant to 11 U.S.C. § 506(a) and applicable law, the Court should
23  value the collateral of Green Tree Servicing, LLC at $196,000.00. In addition, the Court should
24  determine the current amount of the secured portion of the claim secured by the First Deed of
25  Trust on the Property and the Property to be $196,000.00.
26  //
27  //
28  //

3

**Motion to Value Collateral – JHH-3**
**In re Richard Lyman; Case No. 2012-41214**

1 **WHEREFORE**, Debtors request that (1) this motion be granted, and (2) the Court value the collateral of Green Tree Servicing, LLC at $196,000.00 and determine the secured portion of the 1st DOT claim secured by the Property be $196,000.00.

RESPECTFULLY SUBMITTED:
Law Office of Judson H. Henry

Dated: May 14, 2013

By: _____/s/ Judson H. Henry_____
     Judson H. Henry, Attorney for Debtor-in-possession

**Motion to Value Collateral – JHH-3**
**In re Richard Lyman; Case No. 2012-41214**