Judson H. Henry, Esq. (SBN 226743)
LAW OFFICE OF JUDSON H. HENRY
6041 Brookside Circle
Rocklin, CA  95677
Phone:  (916) 899-6224
E-mail:  jhhenry2000@yahoo.com

**Attorney for Debtor-in-possession Richard Lyman**

# IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>    RICHARD LYMAN,<br><br>        Debtors in Possession | Case No.:   2012-41214<br>DC No.:      JHH-6<br><br>Date:          July 2, 2013<br>Time:         9:32 a.m.<br>Courtroom No.: 32<br>Judge:        Hon. Thomas Holman<br><br>United States Courthouse<br>501 I Street, 6th Floor<br>Sacramento, CA  95814 |

**APPLICATION FOR [1st INTERIM] ALLOWANCE OF FEES OF JUDSON H. HENRY**

Judson H. Henry ("Henry"), counsel for Debtor-In-Possession RICHARD LYMAN ("Debtor") in the above-referenced case, hereby applies for an order granting first interim allowance of attorney fees as counsel to the Debtor, for the period February 1, 2013 through May 31, 2013.  Henry seeks allowance of $5,000.00 in fees, which is one half of the specified "flat fee" (hourly "Lodestar" billing, capped at a maximum of $10,000.00) previously agreed upon by Henry and Debtor.

I.

INFORMATION ABOUT HENRY AND THIS APPLICATION

Debtor commenced this case on December 10, 2012 and continues to operate his business as a debtor-in-possession.  Debtor applied for an order authorizing him to retain Henry as counsel, and on May 1, 2013 the Court issued an order authorizing Debtor to employ Henry as

counsel. A copy of this Order is attached as Exhibit A. Henry agreed to represent Debtor in this Chapter 11 case for a capped fee of $10,000.00. Henry did not collect and at present Henry holds no retainer balance on behalf of Debtor; Henry has brought no previous application for fees, and Debtor owes no past due amount or any other amount.

A.     Professionals Working on this Retention

During this first interim application period, Henry worked for Debtor as a sole practitioner at the following rate:

| Attorney | Hourly Rate | Total Fees |
|---|---|---|
| Judson H. Henry | $ N/A | $ 5,000.00 now applied for |

Judson H. Henry is a sole practitioner and has practiced bankruptcy law for over 9 years. The resume' of Judson H. Henry is attached as Exhibit C. Henry requests the Court to find that the foregoing is reasonable in comparison to a hypothetical total fee if calculated by way of hourly rates customarily charged by comparably skilled and experienced practitioners in the Sacramento area.

B.     Pre-petition and Post-petition Retainer

Debtor provided no pre-petition retainer in any amount to Henry prior to the commencement of the Chapter 11 case. Debtor did pre-petition pay to Henry $4,500, in exchange for pre-petition services. There was not, at the time of filing the petition, or any time immediately prior or thereafter, any amount owed by Debtor to Henry. Debtor has provided Henry no post-petition retainer in any amount. By the terms of Debtor's application to retain Henry, Debtor shall not pay to Henry a retainer, and shall instead henceforth pay Henry fees capped at a maximum aggregate sum of $10,000.00, plus any reimbursement of costs, only due and payable upon application to the Court by Henry and thereafter upon approval by the Court. As such, Debtor has not paid any retainer funds.

C.     Henry seeks interim allowance of fees

Henry seeks allowance of fees in the amount of $5,000.00, one-half of the amount of the agreed-upon flat fee [maximum cap amount], as reasonably earned for and within the period from February 1, 2013 through May 31, 2013. Despite agreeing to a flat fee arrangement, Henry

maintained a contemporaneous time record, which sets forth the specific services rendered on each matter for which he has been retained. The time record, for the February 1, 2013 through May 31, 2013 time-period of this application, is attached as Exhibit B.

No other professional is concurrently submitting an application for interim allowance of fees and/or costs in this case. Thus, no issues of pro rata disbursements to concurrent administrative claims exists.

## II.
## CASE STATUS

A.   History of Case

Debtor commenced this case on December 10, 2012 due to immediate, urgent pressure from an impending foreclosure auction regarding his secured real property commonly described as 5961 Becky Way, Loomis, California. Debtor has been and is employed in professional sales, and now also derives revenue from the rental of real property. Debtor's sales position is with Holt of California and involves the sale of heavy equipment.

Debtor experienced a severe reduction in business, and hence commission income, starting in 2010, which remained severe throughout 2011 and also much of 2012. This was essentially due to the generally poor economic and business conditions that have existed over the past few years, with the severe downturn in the real estate market during this time-frame negatively impacting Debtor due to a secondary consequence of a "ripple effect" of a severe downturn in the sales of heavy equipment, which includes construction machinery.

As one consequence of the foregoing, Debtor became unable to keep up with his monthly payments on his note secured by the real property commonly described as 5961 Becky Way, Loomis, CA  95650. It was due to an impending foreclosure of this property that Debtor filed his petition for bankruptcy relief.

During the time subsequent to the December 10, 2012 petition date, along with market conditions generally, market conditions for the sale of heavy equipment has substantially improved, and Debtor's income is now much improved. Debtor maintained his same sales position with Holt of California throughout all of this, which he still continues with at present. It

is Debtor's recently improved income, now further improved by the rental to two tenants of the 5961 Becky Way, Loomis, CA 95650 property, that put Debtor in position to formulate a feasible chapter 11 plan of reorganization. Debtor's real property is located in very close proximity to Sierra Community College that allows Debtor to rent rooms for a total monthly revenue substantially greater than his own rent expense to live elsewhere, resulting in monthly positive net income substantial enough that this arrangement makes financial sense and will positively contribute to Debtor's reorganization.

Consequent to these efforts, Debtor has established average monthly income over five months, as documented on his December 2012 through April 2013 monthly operating reports, plus now monthly rental income of $800.00 per month in addition to this. As the overall result of his post-petition efforts, Debtor has achieved at present a current level of revenue and income that is substantially improved and more consistent than the previous stressed levels that caused his to require bankruptcy relief, namely the prior stressed and poor levels of the years 2009, 2010, and 2011, such that Debtor has developed and filed a feasible Plan that he has the demonstrated present revenues to perform consistently.

As the end result of his post-petition efforts, Debtor has achieved at present a current level of revenue and income that is substantially improved and more consistent than the previous stressed levels that caused him to require bankruptcy relief, namely the prior stressed and poor levels of the years 2011 and 2012. Because Debtor's revenues are now at a level sufficient to fund debt repayment under a plan of reorganization, Debtor has (on May 15, 2013) filed his Plan and Disclosure Statement, and set his Disclosure Statement for hearing June 25, 2013.

B.  Current Financial Status

As of April 30, 2013, the Debtors had the following assets and administrative liabilities:

Assets

| | |
|---|---|
| Cash on hand (freely usable by Debtor) | $ 9,499.00 |
| Post-petition Accounts Receivable | $ 0.00 |
| TOTAL CURRENT ASSETS | $ 9,499.00 |

//

1     Administrative Claims

2     Henry                                                                     $  5,000.00

III.

## SUMMARY OF FEES REQUESTED

This first interim fee application seeks allowance of fees, in the amount of $5,000.00 for the period of February 1, 2013 through May 31, 2013 as follows:

| Attorney | Hours | Fees |
|---|---|---|
| Judson H. Henry | N/A* | $ 5,000.00 |
| TOTAL | | $ 5,000.00 |

* [Total hours are 26.8, which if billed at $250.00 per hour would equate with $6,700.00]

IV.

## SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED DURING APPLICATION PERIOD

Henry has divided his services provided during this application into two categories, as follows.

A.     General Administrative Services – Assist Debtor in Ongoing Reorganization

Starting with the commencement of his case on December 10, 2012, Henry assisted Debtor in collecting the large amount of information and documents required by the US Trustee, and also required in order to begin the stabilization and the reorganization of Debtor's business activities and general financial situation. Henry further assisted in this effort with the bringing of preliminary motions. Thereafter, and from the date February 1, 2013 and going forward, Henry worked with Debtor with Monthly Operating Report reviews, filed with the Court each month as required and currently up to date, and going further Henry worked with Debtor in general instruction, providing numerical estimates of revenue required for feasibility, and answering questions, in order to assist Debtor in his ongoing efforts to increase income in order to propose a feasible Plan as well as to stabilize his overall financial condition. Toward Debtor's overall strategy and efforts to prepare a feasible Plan, Henry prepared and filed three Motions to Value Collateral (regarding two DOTs on Debtor's real property as well as a claim secured by a boat)

as well as a status report to outline Debtor's overall goals and approach. Otherwise, during this first interim application period, Henry provided general advice and representation to Debtor, including assistance in the filing of monthly operating reports, and other miscellaneous services set forth in the attached time sheet. A summary of these services is (a) prepare preliminary status report and attend status conference, (b) consult with, provide instruction to and provide assistance to Debtors in the ongoing preparation of monthly operating reports, (c) and prepare two motions to value collateral. The details are documented on the time sheet (Exhibit B).

B.  Preparation of Plan and Disclosure Statement

Henry worked closely with Debtor to prepare the Plan and Disclosure Statement, the central step in the reorganization process. Henry, as well as Debtor, devoted a substantial amount of time to fact and information gathering and organization, and in preparing the papers, including the detailed financial/monetary/cash flow projections. Henry and Debtor have fully completed plan and disclosure statement preparation, including all required projections and other exhibits, and Debtor has filed his Plan and Disclosure Statement. Debtor's Disclosure Statement is set for June 25, 2013 for a hearing on the adequacy of its disclosure. The details are documented on the time sheet (Exhibit B).

V.

CONCLUSION

This application is supported by the Declaration of Judson H. Henry and the attached exhibits, and all pleadings and pages filed in this case.

Henry requests interim allowance of fees, in the amount of $5,000.00, which is one-half of the agreed-upon "flat fee" (hourly "Lodestar" billing, capped at a maximum of $10,000.00), and an order directing Debtor to pay the $5,000.00 as funds become available to the Debtor.

Dated:   June 5, 2013

By: ____/s/ Judson H. Henry_____
Judson H. Henry,
Attorney for Debtor-In-Possession